IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BETH WHITAKER, individually
and as trustee of the
Beth Whitaker share of the
Clyde Whitaker Combined Trust                              PLAINTIFF

V.                                         CIVIL ACTION NO. 1:14-CV-00104-SA-DAS

DARRELL WHITAKER, individually
and as trustee of the
Darrell Whitaker share of the
Clyde Whitaker Combined Trust                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff's Motion to Remand to State Court [7] is presently before the Court. Because removal of this case from state to federal court was procedurally defective, the motion is GRANTED.

*Procedural Background*

Beth Whitaker filed this action in the Chancery Court of Lee County, Mississippi, alleging various causes of action arising under agency, contract, and tort law. Defendant Darrell Whitaker, removed to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Less than thirty days after Defendant's removal, Plaintiff filed the current motion. In it, she asks the Court not only to remand, but also to award attorney fees and costs as authorized by 28 U.S.C. § 1447(c). Defendant does not oppose remand, but he does contest any monetary award.

*Remand Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal, the plaintiff may move to remand back to state court, and "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The plaintiff may also move to remand on bases "other than lack of subject matter[,]" but it must be done "within 30 days after the filing of the notice of removal . . . ." Id.

When, upon timely motion, the Court discovers a procedural defect, "[t]he Fifth Circuit has . . . held that § 1447(c) mandates remand . . . ." Elliot v. City of Holly Springs, 2010 WL 2505599, at *6 (N.D. Miss. June 14, 2010) (citing In re Medscope Marine, Ltd., 972 F.2d 107, 109 (5th Cir. 1992)). In ruling on the motion, the Court should resolve ambiguities in the movant's favor as the removal statute is "strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*Remand*

To support her remand motion, Plaintiff argues, among other things, that Defendant failed to attach necessary documentation to his Notice of Removal. On this point, Defendant does not oppose remand, and for good reason. Removal procedure requires the defendant to "file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendant here filed the notice of removal, the initial and amended complaints, and the civil cover sheet. He failed, however, to include several other necessary documents from the state-court record, including the summons, Plaintiff's motion for injunctive relief, and Plaintiff's motion to dismiss, all documents served upon Defendant while under state-court jurisdiction. This failure resulted in a procedurally defective removal. See id; see also Phillips v. First Tower Loan, Inc., 2012 WL 5873360, at *3 (S.D. Miss. Nov. 20, 2012) (finding a procedural defect when defendant failed to

2

attach the summonses and proofs of service). While a removing party can rectify this error, Phillips, 2012 WL 5873360, at *3-4 (finding that defendant cured the defect by later supplementing the record with required documentation), Defendant did not do so here. Remand is therefore warranted. Elliot, 2010 WL 2505599, at *6.

*Costs and Attorney Fees*

A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A plaintiff is not automatically entitled to such an award, however, as the Court should only levy "attorney's fees when the removing party lacks an objectively reasonable basis for removal." Am. Airlines, Inc., v. Sabre, Inc., 694 F.3d 539, 541-42 (5th Cir. 2012). The Supreme Court has explained that the proper "test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

After reviewing the record and the parties' briefing, the Court finds that, even though Defendant did not comply with procedure in § 1446(a), he had an objectively reasonable basis for attempting to remove. Thus, an attorney-fee award would be inappropriate.

*Conclusion*

For the foregoing reasons, the Court finds the removal was improper but declines to award costs and fees. Accordingly, Plaintiff's Motion to Remand to State Court [7] is GRANTED, Plaintiff's request for fees and costs is DENIED, and the case is REMANDED back to the Chancery Court of Lee County, Mississippi.

SO ORDERED, this 4th day of November, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**